## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**JENARIO SCOTT**                                    **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION # 3:20-cv-83-CWR-FKB**

**CITY OF JACKSON, MISSISSIPPI**                     **DEFENDANTS**
**JOHN AND JANE DOES 1-10**

### ANSWER TO THE COMPLAINT

Comes now the Defendants by and through the undersigned attorney and responds to the

Plaintiff's complaint as follows:

### FACTS

1.      The Defendant admits that an officer of the City of Jackson Police Department initiated a

traffic stop on August 3, 2018 with an individual operating a black in color GMC Envoy vehicle,

which had a headlight out near the intersection of Cooper Road and Meadow Lane.  The

Defendant also admits that the officer reported the smell of marijuana.  The Defendant denies the

remaining allegations of the paragraph because it lacks sufficient information to admit at this

time.

2.      The Defendant admits that in February 2017, a bystander captured footage of a *former*

Jackson law enforcement officer in a struggle with an African American male.  The Defendant

admits that there was a report of a *former* Jackson law enforcement officer beating a *former*

Callaway High School Student in May 2018.  The Defendant admits that Crystalline Barnes died

in January 2018 after weapons were fired by Rakasha Adams and Albert Taylor in self-defense.

3.      The Defendant lacks sufficient information to admit whether an "atmosphere of fear" was

created among citizens following the events referenced in Paragraph 2 of Plaintiff's complaint. Defendant also lacks sufficient information to admit the remaining allegations of the complaint; therefore, Defendant denies all allegations of Paragraph 3.

4.    Defendants admit that an officer on August 3, 2018 reported discharging his duty weapon and hitting a suspect in the left leg.  The Defendants deny the remaining allegations of the Paragraph.

5.    Defendants lack sufficient information to admit the allegation of the Paragraph and therefore, must deny same.

6.    Defendants admit that an officer reported flagging down a red vehicle and apprehending Jenario Scott.  The Defendants lack sufficient information to admit the remaining allegations of the Paragraph and therefore, deny same.

7.    Defendants admit that on the morning of  August 4, 2018, a citation was issued to Jenario Scott for improper headlight, and a separate citation for driving while license suspended.

8.    The Defendants denies the allegations of the Paragraph, and Defendants also deny any assertion or implication that its policies and customs perpetuate improper use of force and brutality.

9.    Defendants deny the allegations of the Paragraph.

**PARTIES**

10.    Defendant lacks sufficient information to admit the Paragraph and therefore, denies same.

11.    Defendant City of Jackson admits that it can be served with process by serving the Mayor or clerk.  Defendant City of Jackson also admits that it employs individuals within the Jackson Police Department.  Defendant City of Jackson denies the remaining allegations of the complaint, including but not limited to, the allegation that it is responsible for the failure to *set and enforce*

polices and customs of the police department.  Defendant also denies that a *constitutional deprivation* arose.

12.    Defendant City of Jackson lacks sufficient information to admit the Paragraph and therefore, denies same.  Defendant City of Jackson does admit that the Federal Rules of Civil Procedure govern the action.

## JURISDICTION AND VENUE

13.    The Defendant City of Jackson admits that federal district courts have original jurisdiction in actions based on 28 U.S.C §§ 1331 and 1343.

14.    The Defendant City of Jackson lacks sufficient information to admit whether all Defendants reside in the judicial district.  Defendant City of Jackson does admit that a substantial part of the events described in Plaintiff's complaint arose within the judicial district, and it appears that venue is proper.

## CAUSE OF ACTION EXCESSIVE FORCE ( 42 USC § 1983)

15.    The Defendants renew the admissions and denials set forth in the previous paragraphs as response to this Paragraph.

16.    The Defendants deny the allegation of the Paragraph.

17.    Defendants deny the allegation of the Paragraph.

18.    Defendants deny the allegation of the Paragraph.

19.    Defendants deny the allegation of the Paragraph.

20.    Defendants deny the allegation of the Paragraph.

## MONELL CLAIM OFFICIAL POLICY AND FAILURE TO TRAIN

21.The Defendant City of Jackson renew the admissions and denials set forth in the previous paragraph as its response.

22.     The Defendant City of Jackson deny the allegations of the Paragraph.  The Defendant City of Jackson specifically denies that it has a pattern, practice, or custom that was created, encouraged, directed, promoted, accepted, condoned, and permitted officers to use excessive force when interacting with the public in violation of *constitutional provision*, including but not limited to, the Fourth and Fourteenth Amendments.

23.     The City of Jackson denies that its policymakers had in force and effect a policy, custom, or practice of using excessive force in violation of the Fourth and Fourteenth Amendments.

24.     The City of Jackson denies the allegations of the Paragraph.

25.     The City of Jackson denies the allegations of the Paragraph.

26.     The City of Jackson denies the allegations of the Paragraph.

27.     The City of Jackson denies the allegations of the Paragraph.

28.     Defendant admits that the contents of the complaint indicate that the Plaintiff has sought compensation.  Defendant denies that the Plaintiff is entitled to compensation and attorneys fees and costs.

## DAMAGES

29.     Defendant renews the admissions and denials set forth in the previous paragraphs as its response to this Paragraph.

30.     Defendant denies the allegations of this Paragraph and sub-parts a-I.  Defendant does not admit to *any damages* alleged by the Plaintiff.

## PUNITIVE DAMAGES

31.     Defendant renews the admissions and denials set forth in the previous paragraphs as its response to this Paragraph, and Defendant denies that the Plaintiff is entitled to an award of punitive damages if sought.

**PRAYER**

32.     Defendants deny that the Plaintiff is entitled to judgment for compensatory and punitive damages.  Defendant also deny that Plaintiff is entitled to an award of attorneys fees, expenses, and costs or any relief as prayed for in the complaint.

Now having responded to each Paragraph of the Plaintiff's complaint, the Defendants assert the following **affirmative defenses:**

## First Defense

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## Second Defense

The City of Jackson Defendants have not breached any duty owed to Plaintiffs either contractually, or arising out of common, state, or federal statutory law.

## Third Defense

The City of Jackson Defendants owed no duty to Plaintiffs that was breached in this action.

## Fourth Defense

The City of Jackson Defendants reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

## Fifth Defense

The City of Jackson Defendants deny that any of their actions and/or omissions caused Plaintiffs harm or special harm.

## Sixth Defense

The Defendants' actions concerning the Plaintiff were exercised in good faith.

**Seventh Defense**

The City of Jackson Defendants deny each and every allegation in which Plaintiffs seek to impose liability upon them, whether expressly denied herein or not.

**Eighth Defense**

The Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

**Ninth Defense**

The Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against Plaintiffs.

**Tenth Defense**

The City of Jackson Defendants affirmatively pleads assumption of risk as a bar to Plaintiffs' Complaint.

**Eleventh Defense**

The sole proximate and/or contributing causes of Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of the City of Jackson Defendants, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the City of Jackson Defendants cannot be held liable.

**Twelfth Defense**

Any damages sustained by Plaintiffs was solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entitled or events with respect to which the City of Jackson Defendants had neither control, right to control, duty to control nor any other legal relationship whatsoever.

**Thirteenth Defense**

Without waiving any other affirmative defense, the City of Jackson Defendants affirmatively plead and allege that they are not responsible for the intentional acts, if any, by any agents, representatives or employees of the City or any other Defendant toward Plaintiffs and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City of Jackson Defendants.

### Fourteenth Defense

Plaintiffs' claims for punitive damages, if any, are barred by Miss. Code Ann. § 11-46-15(2).

### Fifteenth Defense

Plaintiffs failed to comply with the requirements of Miss. Code Ann. § 11-46-11 (3), and the complaint should therefore be dismissed.

### Sixteenth Defense

All of the Plaintiffs' claims against the City of Jackson Defendants are barred by Miss. Code Ann. §11-46-1 *et seq.* (The Mississippi Tort Claims Act, hereinafter referred to as "MTCA").

### Seventeenth Defense

Plaintiffs failed to mitigate their damages.

### Eighteenth Defense

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate the City of Jackson Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under Article 3, § 14 of the Constitution of the State of Mississippi.

**Nineteenth Defense**

Thed Complaint is barred by the doctrine of waiver and estoppel and  should, therefore, be dismissed with prejudice with all costs assessed against Plaintiffs.

**Twentieth Defense**

Plaintiffs' claims for intentional torts are barred by the applicable one-year statute of limitations.

**Twenty-First Defense**

Plaintiffs' claims of negligence, gross negligence, and/or wanton failure in hiring and/or to monitor, train and supervise police officers of the City of Jackson are barred by Miss. Code Ann. §11-46-7 (1), and specifically by the precedent case:   **City of Jackson v. Powell**, 917 So. 2d 59 (Miss. 2005) and **City of Laurel, Mississippi v. Clyde Williams, *et al.***, 2009 WL 3857559 (Miss. Nov. 19, 2009).[1]

**Twenty-Second Defense**

Plaintiffs' claims of intentional and/or negligent infliction of emotional distress are specifically barred by Miss. Code Ann. §11-46-9 ( c ).

**Twenty-Third Defense**

The City of Jackson Defendants asserts any and all other affirmative defenses to which they may be entitled, including contributory negligence, estoppel, fraud, illegality, release, res

---

[1]Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference.  The plaintiff must generally demonstrate "at least a pattern of similar violations," **Gerald Burge v. St. Tammany Parish**, 336 F. 3d 363, 370 (5th Cir. 2003) *quoting* **Thompson v. Upshu County**, 245 F. 3d 447, 459 (5th Cir. 2001).  Furthermore, the inadequacy of training must be obvious and "obviously likely to result in a constitutional violation."  **Id**.

judicata, collateral estoppel, statute of frauds and waiver.

## Twenty-Fourth Defense

Plaintiffs' claims against the City of Jackson Defendants are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

## Twenty-Fifth Defense

The City has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by Plaintiffs.

## Twenty-Sixth Defense

The Defendants hereby asserts the defenses of sovereign immunity, absolute immunity, qualified immunity and any other immunity available under federal or state law.

## Twenty-Seventh Defense

At all material times, herein, the City of Jackson and its employees, agents, and servants, at all times relevant hereto, used the degree of care required of them under law and are not liable in damages to Plaintiffs.

## Twenty-Eighth Defense

The actions or inactions on the part of the Plaintiff were the sole, proximate and only cause of the incident complained of and the alleged damages sustained by Plaintiffs, if any.  In the alternative, the actions or inactions on the part of the Plaintiff was constituted an intervening cause and as such, constitute the sole, proximate cause and only cause of the incident complained of and the damages sustained by Plaintiffs, if any.

## Twenty-Ninth Defense

Plaintiffs' claims are barred because the Plaintiff was engaged in criminal, unlawful

and/or illegal activity, at all relevant times alleged in the complaint.

### Thirtieth Defense

If the actions or inactions on the part of the Plaintiff were not the sole, proximate cause of the incident complained of and the alleged damages sustained by Plaintiffs, if any, actions or inactions on the part of Plaintiff caused and contributed to the incident complained of and the damages sustained by Plaintiffs, if any, and any damages which Plaintiffs would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiff caused or contributed to the incident.

### Thirty-First Defense

The City of Jackson Defendants asserts any and all other defenses available to them under Miss. Code Ann. §85-5-7 and §11-1-65.

### Thirty-Second Defense

The City of Jackson Defendants hereby gives notice that they intend to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert such defenses.

### Thirty-Third Defense

Plaintiffs' claims, if any, against the City of Jackson Defendants, that may be alleged to have possibly arisen from judicial and/or administrative inaction of the City, are prohibited by statute, where said allegations claim that City employees were acting within the scope of their employment for the City of Jackson.

### Thirty-Fourth Defense

Plaintiffs' claims against the City are prohibited by statute because they alleged to have arisen from alleged failures of the City of Jackson and its employees to execute or perform a

statute, ordinance, or regulation.

**Thirty-Fifth Defense**

Plaintiffs' claims against the City of Jackson Defendants are prohibited because the City is immune from allegations based on the City's exercise or performance or the failure to exercise of perform a discretionary function or duty.

**Thirty-Sixth Defense**

The complaint is barred because Plaintiffs fail to properly plead: capacity, fraud, mistake, conspiracy, condition of mind, official documents or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure.

**Thirty-Seventh Defense**

The alleged acts or omissions alleged by Plaintiffs against the City of Jackson Defendants as may be set forth in the complaint herein, do not rise to the level of a constitutional violation.

**Thirty-Eighth Defense**

The City of Jackson Defendants cannot be held liable to Plaintiffs under the doctrine of *respondeat superior* pursuant to 42 U.S.C.A. §1983 for any alleged acts or omissions of employees of the City.  As a result, Plaintiffs' claims for negligence, gross negligence, and/or *respondeat superior* liability against the City of Jackson Defendants are barred by the MTCA, supra and **Monell v, New York City Dep't of Soc. Servs.**, 463 U.S. 658 (1978).[2]

**Thirty-Ninth Defense**

Plaintiffs are not entitled to recover punitive damages pursuant to 42 U.S.C.A. § 1983 or official capacity theory against the City of Jackson Defendants, because recovery of such

---

[2]*Monell* clearly rejects governmental liability based in the doctrine of *respondeat superior*, and a governmental body such as the City cannot be held liable under §1983 merely because the City employs a tortfeasor.

damages against the City, a political subdivision and/or municipality, is prohibited.

### Fortieth Defense

The City of Jackson Defendants invoke and assert all privileges and immunities afforded to them under both the federal and state constitutions and statutory and common law.

### Forty-First Defense

The City of Jackson Defendants affirmatively asserts that the language of Miss. Code Ann. § 11-46-9, clearly states that law enforcement officers acting within the course and scope of their employment, while engaged in the performance of duties related to police protection, without reckless disregard for the safety and well being of others **not engaged in criminal conduct**, are entitled to immunity.[3]  Therefore, Plaintiffs' claims against the City of Jackson Defendants asserted in the complaint are barred.

### Forty-Second Defense

The City of Jackson Defendants affirmatively plead that Plaintiffs' claims under the Fourth Amendment, are barred, as the totality of the circumstances and/or events as set forth in the complaint, do not show that any particular use of force, by the City, was clearly unreasonable or clearly excessive.  As a result, any of Plaintiffs' claims against the City made pursuant to the Fourth Amendment must be dismissed.  *See* **Ramirez v. Knoulton**, 542 F. 3d 124, 128 (5th Cir. 2008).

### Forty-Third Defense

Plaintiffs' claims, if any, contained in the complaint are barred because Plaintiff failed to establish a § 1983 cause of action based upon conspiracy, and does not allege any facts that,

---

[3]Mississippi law also holds that reckless disregard is a higher standard than that of gross negligence.  *See* **Turner v. City of Ruleville**, 735 So. 2d 226, 230 (Miss. 1999).

liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy.

### Forty-Fourth Defense

The City of Jackson Defendants affirmatively asserts that the language of Miss. Code Ann. §11-46-5(2), clearly states that " . . .an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any such conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations."  Therefore, Plaintiffs' claims against the City of Jackson Defendants asserted in the complaint are barred.

### Forty-fifth Defense

The force used was reasonable because the officer was threatened with bodily harm or death.

### Forty-sixth Defense

The Plaintiff's claim of excessive force can't be decided on the basis of the extent of the injury but must be decided based on the nature of the force.  *Bourne v Gunnels,* 921 F.3d 484 , 492 (5th Cir. 2019).

### Forty-seventh Defense

The force used was in good faith because there was  resistance to an arrest not maliciously or sadistically for the purpose of inflicting pain in excess of need.

**Forty-eight Defense**

The Plaintiff's claim for damages is barred by *Heck v Humphrey*.

So answered and asserted this the 4th day of March 2020

The Defendants

Tim Howard, City Attorney

By: Carrie Johnson, MSB # 9839

Office of the City Attorney
Post Office Box 2779
Jackson MS 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756

## CERTIFICATE OF SERVICE

I, Carrie Johnson do hereby certify that I have this day electronically mailed to counsel for the Plaintiff a true and correct copy of the above and foregoing Answer and Affirmative Defenses at the email address of record.

This the 4th day of March 2020

/s/ Carrie Johnson